UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CARLOS RODRIGUEZ and WENDY RODRIGUEZ,

                          Plaintiffs,

            -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, CAPTAIN BURGOS,
SERGEANT LONG, POLICE OFFICER DE LA CRUZ,
JOHN DOE ##1-25,

                          Defendants.

------------------------------------------------------------------------ x

**ANSWER**

08 Civ. 3852 (SAS)

        Defendants THE CITY OF NEW YORK (the "City") and POLICE COMMISIONER RAYMOND KELLY ("Kelly") by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York (collectively "defendants"), for their answer to the complaint, respectfully allege, upon information and belief, as follows:[1]

        1.     Deny the allegations set forth in paragraph 1 of the complaint, except admit that plaintiffs purport to bring this action as stated therein.

        2.     Deny the allegations set forth in paragraph 2 of the complaint.

        3.     Deny the allegations set forth in paragraph 3 of the complaint, except admit that plaintiffs purport to seek the damages stated therein.

        4.     Deny the allegations set forth in paragraph 4 of the complaint, except admit that plaintiffs purport to base jurisdiction as stated therein.

        5.     Deny the allegations set forth in paragraph 5 of the complaint.

---

[1] Upon information and belief, defendants Capt. Burgos, Sgt. Long and Police Officer De La Cruz have not been served with process as of the date herein.

6. Deny the allegations set forth in paragraph 6 of the complaint, except admit that plaintiffs purport to lay venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the complaint.

8. Admit the allegations set forth in paragraph 8 of the complaint.

9. Deny the allegations set forth in paragraph 9 of the complaint, except admit that defendant Kelly is the Police Commissioner of the City of New York and refers to the applicable statutes, ordinances and regulations respecting the police commissioner's duties and responsibilities.

10. Deny the allegations set forth in paragraph 10 of the complaint, except admit that a Captain Burgos is employed by the City as a police captain for the 34th Precinct. The remaining allegations consist of conclusion of law rather than averment of facts. And as such no response is required.

11. Deny the allegations set forth in paragraph 11 of the complain, except admit that a Sgt. Long and a Police Officer De La Cruz are employed by the City as police officers for the New York City Police Department ("NYPD").

12. The allegations set forth in paragraph 12 of the complaint constitute conclusions of law rather than averments of fact and as such no response is required.

13. Deny the allegations set forth in paragraph 13 of the complaint, except admit that a document purporting to be a Notice of Claim was received by the City and that the City has not paid any monies to plaintiffs.

14. Deny the allegations set forth in paragraph 14 of the complaint.

15. Deny the allegations set forth in paragraph 15 of the complaint.

16. Deny the allegations set forth in paragraph 16 of the complaint.

17. Deny the allegations set forth in paragraph 17 of the complaint.

18. Deny the allegations set forth in paragraph 18 of the complaint.

19. Deny the allegations set forth in paragraph 19 of the complaint.

20. Deny the allegations set forth in paragraph 20 of the complaint and all subparts thereto.

21. In response to the allegations set forth in paragraph 21 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

22. Deny the allegations set forth in paragraph 22 of the complaint.

23. Deny the allegations set forth in paragraph 23 of the complaint.

24. Deny the allegations set forth in paragraph 24 of the complaint.

25. In response to the allegations set forth in paragraph 25 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

26. Deny the allegations set forth in paragraph 246of the complaint.

27. Deny the allegations set forth in paragraph 27 of the complaint.

28. Deny the allegations set forth in paragraph 28 of the complaint.

29. Deny the allegations set forth in paragraph 29 of the complaint.

30. Deny the allegations set forth in paragraph 30 of the complaint.

31. Deny the allegations set forth in paragraph 31 of the complaint.

32. Deny the allegations set forth in paragraph 32 of the complaint.

33. Deny the allegations set forth in paragraph 33 of the complaint.

34. In response to the allegations set forth in paragraph 34 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

35. Deny the allegations set forth in paragraph 35 of the complaint.

36. Deny the allegations set forth in paragraph 36 of the complaint.

37. Deny the allegations set forth in paragraph 37 of the complaint.

38. In response to the allegations set forth in paragraph 38 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

39. Deny the allegations set forth in paragraph 39 of the complaint.

40. Deny the allegations set forth in paragraph 40 of the complaint.

41. Deny the allegations set forth in paragraph 41 of the complaint.

42. Deny the allegations set forth in paragraph 42 of the complaint.

43. In response to the allegations set forth in paragraph 43 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

44. Deny the allegations set forth in paragraph 44 of the complaint.

45. Deny the allegations set forth in paragraph 45 of the complaint.

46. Deny the allegations set forth in paragraph 46 of the complaint.

47. In response to the allegations set forth in paragraph 47 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

48. Deny the allegations set forth in paragraph 48 of the complaint.

49. Deny the allegations set forth in paragraph 49 of the complaint.

50. Deny the allegations set forth in paragraph 50 of the complaint.

51. Deny the allegations set forth in paragraph 51 of the complaint.

52. In response to the allegations set forth in paragraph 52 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

53. Deny the allegations set forth in paragraph 53 of the complaint.

54. Deny the allegations set forth in paragraph 54 of the complaint.

55. In response to the allegations set forth in paragraph 55 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

56. Deny the allegations set forth in paragraph 56 of the complaint.

57. Deny the allegations set forth in paragraph 57 of the complaint..

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

58. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

59. The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

60. To the extent the complaint alleges any claims against the City arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

61. Punitive damages are not available against the City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

62. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct, or that of third parties, and was not the proximate result of any act of the defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

63. There was reasonable suspicion to stop and detain plaintiffs.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

64. There was probable cause for plaintiffs' arrest, prosecution and detention.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

65. Plaintiffs provoked any use of force by resisting arrest and/or failing to obey lawfully issued orders.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

66. Any force used to arrest plaintiffs was reasonable under the circumstances.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

67. Any injuries sustained by plaintiff are de minmis and do not rise to the level of a constitutional injury.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

68. This action is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

69.  This action is barred in whole or in part by the applicable limitations period.

**WHEREFORE**, defendants THE CITY OF NEW YORK and POLICE COMMISIONER RAYMOND KELLY request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      June 19, 2008

      MICHAEL A. CARDOZO
      Corporation Counsel of the
      City of New York
      Attorney for Defendant THE CITY OF NEW YORK, POLICE COMMISIONER RAYMOND KELLY
      100 Church Street, Room 3-159
      New York, New York 10007
      (212) 788-8698
      By: _____/S/_____
           Steve Stavridis

To:    Leo Glickman, Esq. (by ECF)
       Attorney for plaintiffs
       71 Nevins Street
       Brooklyn, New York 11217
       (718) 852-3710
       lglickman@stollglickman.com